UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
GUOPING GU,
on his own behalf and on behalf of others similarly
situated,

                         Plaintiff,                    **MEMORANDUM
                                                                    AND OPINION**
          -against-                             CV 18-6614 (RRM)(AYS)

LEMONLEAF THAI RESTAURANT MINEOLA
CORPORATION d/b/a Lemon Leaf Thai Restaurant;
JIN HUI HE, and
HENG LIN,

                         Defendants.
-------------------------------------------------------------X
**SHIELDS, Magistrate Judge:**

       Plaintiff, Guoping Gu ("Plaintiff" or "Gu"), commenced this action, on behalf of himself and others similarly situated, pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 206, 207, and 216(b), New York Labor Law ("NYLL") Article 19 §§ 633, 652, NYLL Article 6 §§ 190 et seq., and 12 New York Codes, Rules and Regulations ("NYCRR") §§ 142-2.2, 142-2.4 and 137-1.7. Plaintiff seeks unpaid wages, overtime compensation and other damages. Named as defendants are corporate defendant Lemonleaf Thai Restaurant Mineola Corporation, doing business as Lemon Leaf Thai Restaurant ("Lemon Leaf"), and individual defendants Jin Hui He ("He") and Heng Lin ("Lin") (collectively, "Defendants").

       Presently before the court is Plaintiff's motion to have this matter proceed conditionally as a collective action pursuant to 29 U.S.C. §216(b).[1] In the event that this Court grants Plaintiff's motion for conditional certification, Plaintiff seeks approval of a form of notice

---

1. Plaintiff also asserts various claims pursuant to the New York Labor Law that are not before the Court in the instant motion.

1

advising members of the collective of their right to opt-in to this action, and authorizing the sending and/or posting of notice of the collective action. Defendants oppose the motion in its entirety.

For the reasons set forth below, Plaintiff's motion to proceed as a conditional collective action is granted in part and denied in part. The collective action shall consist of all non-exempt, non-managerial employees, whether tipped or non-tipped, who were employed by Defendants from November 19, 2015 to the present. With regard to the form of notice, this Court's "Notice Form" is attached, and is the presumptively correct form to be used in cases before this Court where a collective action is certified. Counsel are directed to confer regarding the language of this notice. Any proposed or agreed upon changes to this Court's form are to be submitted for review, along with an explanation as why the change is necessary. This Court will then rule on the appropriate form of notice.

## BACKGROUND

I. Facts Considered in the Context of this Motion

The facts summarized below are drawn from the submissions of the parties as described below. Plaintiff relies on the allegations set forth in his Complaint (Docket Entry ("DE") [1]), as well as his affidavit, (DE [23-4]). In response, Defendants submit the factual declarations of several former and current employees of Lemon Leaf, which appear to be undocketed but were provided to the Court via courtesy copy. (Def. Mem. of Law in Opp'n to Pl. Mot. for Conditional Certification, Exs. B-D.)

II. The Parties and the Factual Allegations of the Complaint

Lemon Leaf is a domestic business corporation – namely, a restaurant – organized and existing under the laws of the State of New York, with gross sales in excess of five hundred

thousand dollars per year. (Compl. ¶¶ 8-9.) Its principal address is located at 197 Mineola Boulevard, Mineola, New York. (Id. ¶ 8.) Lemon Leaf is jointly owned by individual defendants He and Lin, who both act as the day-to-day managers of the restaurant. (Id. ¶¶ 11-12, 17.)

Plaintiff was employed as a deliveryman for Lemon Leaf from June 1, 2014 to October 8, 2018. (Id. ¶¶ 7, 33.) Plaintiff alleges that for the first two years of his employment, he only worked one day per week for a total of ten hours. (Id. ¶ 34.) From August 2016 to October 2018, Plaintiff worked eleven to twelve hours per workday, six days per week, for an average of sixty-eight hours per week. (Id. ¶ 35.) Plaintiff alleges that throughout his employment, he was paid a flat compensation rate, beginning at $80 per day from 2014 to 2016 and then changing to a monthly compensation of $1,800 per month. (Id. ¶¶ 39-40.) Plaintiff further states that he was not given a fixed time for his meal breaks, but rather was provided ten minutes to eat his meals, during which time he was on call to work. (Id. ¶¶ 37-38.)

Plaintiff also alleges that he was required to do "side work" during his employment with Defendants, including peeling shrimp and cutting up the cardboard to be used to pack the delivery bags. (Id. ¶ 43.) In addition, Plaintiff was required to bear the cost of the purchase of a Toyota Camry XLE for delivery purposes – which amounted to $28,000 – as well as the costs required to maintain the automobile, including gas, oil, tires and breaks. (Id. ¶¶ 47-49.) According to Plaintiff, he traveled between 100 and 120 miles per shift to deliver food on behalf of Defendants. (Id. ¶¶ 50-51.)

Plaintiff alleges that he was not paid any overtime compensation during his employment with Defendants. (Id. ¶¶ 41, 45.) Plaintiff also alleges he was not provided a statement in Chinese – his native language – with each payment of wages, reflecting his name, his

3

employer's name, address and telephone number, his rate of pay, any deductions made or allowances claimed from his wages, and his gross and net wages. (Id. ¶ 44.) Finally, Plaintiff alleges that he was not compensated for New York's "spread of hours" premium for shifts worked in excess of ten hours. (Id. ¶ 46.)

III.     Claims Alleged in the Amended Complaint and the Proposed Collective

Plaintiff's first cause of action in the Complaint alleges violation of the FLSA for Defendants' failure to pay wages for time worked. (Compl. ¶¶ 63-66.) The second cause of action alleges a parallel unpaid wage claim pursuant to the New York Labor Law ("NYLL"). (Id. ¶¶ 67-71.) Count Three of the Complaint alleges overtime wage violations pursuant to the FLSA and Count Four alleges parallel overtime wage violations pursuant to the New York Labor Law. (Id. ¶¶ 72-84.) Plaintiff's fifth and sixth causes of action allege failure to pay spread of time pay, and failure to provide meal periods, pursuant to the NYLL. (Id. ¶¶ 85-92.) The Eighth cause of action in the Complaint alleges Defendants' failure to keep records, pursuant to the NYLL. (Id. ¶¶ 93-97.) Counts Nine and Ten of the Complaint allege that Defendants failed to provide Plaintiff with a wage notice at the time of hire, as well as wage statements every payday, in violation of the NYLL. (Id. ¶¶ 98-106.) Finally, the eleventh cause of action alleges that Defendants failed to reimburse Plaintiff for the out-of-pocket costs incurred in connection with the vehicle he was required to use to make deliveries on behalf of Defendants. (Id. ¶¶ 107-114.) Plaintiff seeks compensatory damages for himself and those who opt in to the collective action, as well as liquidated damages, attorney's fees, and the costs of this action.

Plaintiff seeks to pursue this matter as an FLSA collective action that includes all current and former non-exempt, non-managerial employees, both tipped and non-tipped, employed by Defendants from November 19, 2015 to date. (Not. of Pl. Mot. for Conditional Collective

4

Certification, DE [22], at 1.) Members of the proposed collective action are alleged to be subject to the same unlawful policy as Plaintiff in that they, like Plaintiff, worked hours for which they were not compensated in violation of the FLSA's overtime provisions. Defendants' conduct with respect to the improper payment of wages is alleged to be willful. (Am. Compl. ¶¶ 23, 25-26, 30.) In furtherance of his request to proceed as a collective action, Plaintiff requests court-authorized notice be published to the putative collective action members to notify them of the pendency of this action, and of their rights under the FLSA. (DE [23-2].)

IV. Plaintiff's Motion and Supporting Documentation

As noted, Plaintiff seeks conditional certification of this matter as an FLSA collective action, and to have notice of the pendency of this action (and the right to opt in), sent to all potential members of the proposed collective action. The individuals to whom notice is proposed to be sent are described as those "[c]urrent and former non-exempt employees employed at any time from November 19, 2015 to the present by: (1) Lemonleaf Thai Restaurant Mineola Corporation d/b/a Lemon Leaf Thai Restaurant, located at 197 Mineola Blvd., Mineola, NY 11501; (2) Jin Hui He, and (3) Heng Lin." (DE [23-2].) In support of the motion, Plaintiff submits, as noted, his affidavit.

Plaintiff's affidavit states that he was employed by Defendants as a deliveryman from June 1, 2014 to October 8, 2018, during which he was paid a flat daily or monthly compensation, regardless of the number of hours worked. (Gu Aff. ¶¶ 3-10.) Plaintiff further states that throughout his employment, he worked a number of hours each week in excess of forty and was not paid overtime compensation for those hours. (Id. ¶¶ 11, 15.) Plaintiff claims that other employees, including chefs, kitchen workers, other deliverymen, and waiters, were subject to the same compensation policy. (Id. ¶¶ 25-66.)

5

V.     Defendants' Opposition

Defendants oppose Plaintiff's motion, arguing that: (1) there is no common unlawful compensation policy; and, (2) Plaintiff and members of the putative FLSA collective action are not "similarly situated." (Def. Mem. of Law in Opp'n to Pl. Mot for Conditional Certification 10-18.) Defendants also oppose Plaintiff's request to equitably toll the statute of limitations and Plaintiff's proposed notice of pendency. (Id. 18-19.) In support of their position, Defendants rely on the declarations of current and former employees, which purport to contradict the statements set forth by Plaintiff in his affidavit. (Def. Mem. of Law, Exs. B-D.)

Having set forth the parties' positions and supporting documentation, the Court turns to the merits of the motion.

## DISCUSSION

I.     Conditional Collective Action Certification: Legal Principles

The FLSA imposes liability upon employers that violate the statute's minimum wage and overtime compensation provisions. See 29 U.S.C. §§ 206-207. Section 216(b) of that statute provides an employee with a private right of action to recover overtime compensation and/or minimum wages on behalf of himself, as well as other similarly situated employees. Such similarly situated employees may become parties to an FLSA action upon giving consent in writing to become parties, which consent is filed in the court in which the action is brought. See 29 U.S.C. § 216(b); Valerio v. RNC Indus., LLC, 314 F.R.D. 61, 65 (E.D.N.Y. 2016).

Courts within the Second Circuit apply a two-step analysis to determine whether an action should be certified as an FLSA collective. See Mongiove v. Nate's Corp., No. 15-CV-1024, 2016 WL 590460, at * 1 (E.D.N.Y. Feb. 11, 2016). First, the court determines whether the proposed class members are similarly situated with respect to the alleged FLSA violations. See

6

Myers v. Hertz, 624 F.3d 537, 554-55 (2d Cir. 2010); Wang v. Shun Lee Palace Rest., Inc., No. 17-CV-0840, 2018 WL 3155835, at *3 (S.D.N.Y. June 28, 2018); Jin v. Shanghai Original, Inc., No. 16-cv-5633, 2018 WL 1597389, at *5 (E.D.N.Y. Apr. 2, 2018); Rubery v. Buth-Na-Bodhaige, Inc., 569 F. Supp. 2d 334, 336 (W.D.N.Y. 2007). If the court decides the similarity question in the affirmative, appropriate notice is sent and members of the collective may thereafter "opt-in" by consenting in writing to be bound by the result of the suit. See Sultonmurodov v. Mesivta of Long Beach, No. 15-CV-1654, 2015 WL 9273948, at *2 (E.D.N.Y. Dec. 17. 2015); Rubery, 569 F. Supp. 2d at 336; see also 29 U.S.C. § 216(b). The second step, which typically occurs after the completion of discovery, requires the court to make renewed factual findings as to whether the class members are actually similarly situated. See Rosario v. Valentine Ave. Discount Store, Co., 828 F. Supp. 2d 508, 514 (E.D.N.Y. 2011); Bifulco v. Mortgage Zone, Inc., 262 F.R.D. 209, 212 (E.D.N.Y. 2009). "At that juncture, the court examines the evidentiary record to determine whether the 'opt-in' plaintiffs are, in fact, similarly situated to the named plaintiff." Bifulco, 262 F.R.D. at 212 (quotations and citations omitted). In the event that they are not, "the court will decertify the class, the claims of the opt-in plaintiffs will be dismissed without prejudice, and the class representatives may proceed to trial on their individual claims." Id. (quoting Rubery, 569 F. Supp. 2d at 336); see also Jin, 2018 WL 1597389, at *5.

The instant motion concerns only the first step, i.e., whether the proposed opt-in members are "similarly situated" such that conditional certification should be granted. At this stage, "the evidentiary standard is lenient," Castillo v. Perfume Worldwide Inc., No. 17-2972, 2018 WL 1581975, at *3 (E.D.N.Y. Mar. 30, 2018) (quoting Bifulco, 262 F.R.D. at 212), and "plaintiffs need only make 'a modest factual showing sufficient to demonstrate that they and potential opt-

7

in plaintiffs 'together were victims of a common policy or plan that violated the law.'" Myers, 624 F.3d at 555 (quoting Hoffman v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)); Trinidad v. Pret A Manger (USA) Ltd., 962 F. Supp. 2d 545, 552 (S.D.N.Y. 2013).

Importantly, the issue of "similarly situated" refers not to similarity of job duties, but to similarity in pay structure. Thus, courts in this district and elsewhere routinely reject attempts to limit certification based on alleged dissimilarity of job function. See, e.g., Ritz v. Mike Rory Corp., No. 12 CV 367, 2013 WL 1799974, at *2 (E.D.N.Y. Apr. 30, 2013) (rejecting limiting conditional class to bartenders and instead, including all tipped service workers in conditional class); Calderon v. King Umberto, Inc., 892 F. Supp. 2d 456, 464 (E.D.N.Y. 2012) (refusing to limit certification to positions held by named plaintiffs); Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 368 (S.D.N.Y. 2007) (rejecting as frivolous defendant's argument that certification should be limited to duck feeders); Summa v. Hofstra Univ., 715 F. Supp. 2d 378, 391 (E.D.N.Y. 2010) (certifying employees despite varying positions and functions). Additionally, it is well-recognized that the burden at the conditional certification stage is so low that Plaintiff's lone affidavit setting forth a common payment scheme may suffice. See Sultonmurodov, 2015 WL 9273948, at *2.

II.     The Motion for Conditional Certification is Granted

Defendants oppose the motion on the ground that Plaintiff's submission fails to sustain even the limited burden of proof necessary for notice of a collective action to be sent, arguing that Plaintiff is not similarly situated to other putative FLSA collective members and that Plaintiff has not demonstrated a common unlawful compensation policy. The Court disagrees. Plaintiff has set forth sufficient facts to support the modest factual showing that Defendants'

8

employees were subject to a policy of not being compensated for hours worked in excess of forty per week.

Defendants' opposition is premised on the argument that Plaintiff's affidavit contains materially false statements that are contradicted by the declarations of current and former employees of Defendants submitted in opposition to the within motion. However, this is not the inquiry at this stage of the litigation. "The relevant issue here . . . is not whether Plaintiff[] and potential opt-in plaintiffs [are] identical in all respects, but rather whether they were subjected to a common policy to deprive them of overtime pay when they worked more than 40 hours per week." Zaniewski v. PRRC Inc., 848 F. Supp. 2d 213 (D. Conn. 2012). Plaintiff is seeking only conditional certification and thus, "a fact-intensive inquiry is inappropriate at the notice stage . . ." Id.

Deposition testimony corroborating Plaintiff's affidavit will be more availing at the next stage of this litigation, which will take place at the close of factual discovery. At that time, if requested, the Court will make renewed factual findings to determine whether Plaintiff is actually similarly situated to other employees. At this stage however, Defendants' opposition papers serve only to create a question of fact; they do not, as a matter of law, defeat the motion for conditional certification.

Accordingly, Plaintiff's motion for conditional certification of a collective action is granted. The collective action shall consist of those current and former non-exempt, non-managerial employees, both tipped and non-tipped, employed by Defendant Lemonleaf Thai Restaurant Mineola Corporation, doing business as Lemon Leaf Thai Restaurant, from November 19, 2015 to date, who were not paid minimum wage or overtime compensation for hours worked in excess of forty per week.

III. <u>Plaintiff's Request for Equitable Tolling is Rejected</u>

As part of his motion, Plaintiff requests that the Court equitably toll the FLSA's limitations period during the time putative class members will have to opt in to the collective action. (Pl. Mem. of Law 14.) However, as Defendants point out, Plaintiffs offer no basis for equitably tolling the statute of limitations, which is typically only permitted when there has been fraud or other conduct by defendant designed to conceal the existence of a claim from a plaintiff. See <u>Pietri v. N.Y.S. Office of Court Admin.</u>, 936 F. Supp. 2d 120, 137 (E.D.N.Y. 2013). As Plaintiff has offered no facts to support his request for equitable tolling, and the Court finds no basis for applying it, Plaintiff's request to equitably toll the FLSA's statute of limitations during the opt-in period is denied.

IV. <u>Form of Notice</u>

The parties disagree about the form the notice of pendency should take and the length of the opt-in period. Since the parties cannot agree on a proposed notice, they are referred to this Court's pre-approved form of notice to be used in FLSA conditionally certified collective actions, which is annexed to the Court's Individual Rules at Appendix C and attached hereto. Such form is presumptively approved and reflects the holdings of this Court (and the majority view in this District) as to issues of notice that are continually subject to litigation. To the extent that counsel wish to raise individually, or agree upon, any changes to that form, they are directed to submit any such changes to this Court for review along with an explanation as to why the proposed change is necessary. Counsel's joint statement regarding their agreement or proposed changes as to the form of notice are to be filed in a joint status letter by November 27, 2019.

With respect to the length of the opt-in period set forth in the notice of pendency, Plaintiff requests that the Court permit a ninety-day opt-in period to allow the greatest number of potential plaintiffs to participate in this action. (Pl. Proposed Notice of Pendency, DE [23-2].) While Defendants merely interpose an overall objection to the proposed notice of pendency, without articulating any specific arguments, (Def. Mem. of Law 18-19), the Court finds a ninety-day opt-in period is excessive. "[C]ourts in this district have coalesced around a standard 60-day notice period." Mark v. Gawker Media LLC, No. 13-cv-4347, 2014 WL 5557489, at *4 (S.D.N.Y. Nov. 3, 2014) (collecting cases). The Court finds no basis for deviating from this standard. Accordingly, the notice of pendency shall provide for a sixty-day opt-in period.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for conditional certification as an FLSA collective action pursuant to Section 216(b) of the FLSA is granted in part and denied in part. The collective action shall consist of all non-exempt, non-managerial employees, both tipped and non-tipped, who were employed by Defendants from November 19, 2015 to date. Defendants are directed to provide Plaintiffs with the names and contact information of all employees who may be potential plaintiffs herein within ten (10) days of the date of this Order. Counsel for the parties are directed to confer regarding the use of the attached notice, and any changes to this form are to be submitted for Court review, along with an explanation as to why the proposed change is necessary, by November 27, 2019. In all other respects, the motion is denied.

**SO ORDERED:**

Dated: Central Islip, New York
       November 13, 2019

                                                    /s/ Anne Y. Shields
                                                    Anne Y. Shields
                                                    United States Magistrate Judge